UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELLIOTT D. POWELL,

        Plaintiff,

   v.

        Case No. 25-cv-1916-pp

DOUGLAS A. COLLINS, GREGORY SCHULZ,
SHARON ZEMAN, BENJAMIN THELEN,
NEELAM ERBY and BALINDA KOSTUCH,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3), SCREENING COMPLAINT AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 4)**

On December 5, 2025, the plaintiff—who is representing himself—filed a complaint alleging that his employer discriminated against him in violation of Title VII of the Civil Rights Act of 1964. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 3, and a motion to appoint counsel, dkt. no. 4.

**I.    Motion to Proceed Without Prepaying the Filing Fee**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to

1

proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff filed a declaration of indigency using a form from the State of Wisconsin Circuit Court. Although this federal court uses its own form affidavit for the same purpose, plaintiffs are not required to use that form so long as they provide enough information for the court to determine their financial condition. The plaintiff's declaration states that he is unmarried and is employed by the Department of Veterans Affairs. Dkt. No. 3 at 1. He states that he earns $3,500 in wages per month, supplemented with $2,150 per month for a service-connected disability. Id. He states that he has $250 in cash assets as well as a car and some assets in the form of household furnishings. Id. at 1–2. The plaintiff states that he has a monthly mortgage or rent payment of $1,950. Id. at 2. The plaintiff has one dependent and $4,350 in debt. Id.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without

2

Case 2:25-cv-01916-PP     Filed 02/20/26     Page 2 of 10     Document 5

*prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

**II.     Screening the Complaint**

   A.     Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and

3

conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

### B. The Complaint

The plaintiff provides the following "Statement of Claim":

> I am entitled to damages because my rights were violated by being assigned more work than fellow co-workers. Gregory Schulz denied that fact when questioned but less than five days after complaint was initiated plaintiffs workload was redistributed. An audit was conducted prior to a meeting on Dec 8th where it was implied that fraud was being perpetrated by plaintiff working overtime which Balinda Kostuch, another defendant would have initiated. Benjamin Thelen is the supervisor of Gregory Schulz whose responsibility it was to make sure work was being distributed evenly and he failed to do so which caused undue stress and anxiety on part of plaintiff. Sharon Zeman will be called to provide clarification on why she felt threatened working with plaintiff even though plaintiff had received an excellent performance review during the period in question. This will provide relevance to hostile work environment plaintiff was subjected to. Neelam Erby will provide insight to some of the work conditions that permeate to this day which management has continued to fail to address. This statement is true to the best of my knowledge.

Dkt. No. 1 at 5. The plaintiff seeks $75,000 in damages for "Discrimination, Harassment and Disparate Treatment." Id. at 6.

The plaintiff provided two attachments to his complaint. The first is a "Statement In Support of Appeal," which appears to be a brief he submitted to the U.S. Equal Employment Opportunity Commission appealing a final decision of an administrative law judge on the plaintiff's discrimination complaint. Dkt. No. 1-1. The second attachment is the EEOC's decision affirming the Department of Veterans Affairs' final decision on the plaintiff's discrimination complaint. Dkt. No. 1-2.

4

The EEOC decision states that on January 29, 2024, the plaintiff filed a formal complaint against his employing agency, the Department of Veterans Affairs, alleging that he suffered discrimination based on his race. Dkt. No. 1-2 at 1–2. The decision states that the agency investigated the complaint and on May 30, 2025, issued a final decision finding no discrimination. Id. at 2. The plaintiff then appealed the final decision to the EEOC. Id. On September 25, 2025, the EEOC affirmed the agency's final decision and advised the plaintiff of his right to seek reconsideration or file a civil action. Id. at 4–6.

C. Analysis

The plaintiff's complaint does not contain enough information to state a claim for relief. Although the plaintiff's *attachments* contain helpful information about the possible facts of his case, the actual *complaint* does not.

To allege race discrimination under Title VII, the plaintiff must allege "(1) that he is a member of a class protected by the statute, (2) that he has been the subject of some form of adverse employment action (or that he has been subjected to a hostile work environment), and (3) that the employer took this adverse action on account of the plaintiff's membership in the protected class." Abrego v. Wilkie, 907 F.3d 1004, 1012 (7th Cir. 2018) (citation omitted). The plaintiff's "statement of claim" and "relief sought" state that he was discriminated against by being assigned more work than his fellow co-workers because he is "part of a protected class." Dkt. No. 1 at 5–6. The plaintiff also alleges that it was "implied" that he was engaging in fraud by working overtime. Id. at 5. The complaint does not identify the alleged protected class; the court

5

could determine that only by looking at the attachments to the complaint. The plaintiff must include this information in his actual complaint. Otherwise, it is not clear to the defendant what claims the plaintiff is pursuing and what facts he is relying on to assert those claims. The complaint also does not explain what "fraud" the plaintiff was being accused of and what, if any, adverse action he suffered because of the alleged audit and fraud accusations. The plaintiff needs to provide more information and facts explaining what happened to him and how it was connected to his alleged protected class. Because it does not have those facts, the court must dismiss the plaintiff's claims.

The plaintiff also names several individuals—coworkers and supervisors—as defendants. In a Title VII case against a federal agency employer, the proper defendant is the agency head, not the agency or individual employees. 42 U.S.C. §2000e-16(c) ("the head of the department, agency, or unit, as appropriate, shall be the defendant" in any Title VII action brought by a federal employee); see also Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995) (individual employees and supervisors are not "employers" under Title VII). As of February 2026, Douglas Collins is the Secretary of the Department of Veterans Affairs. That means the only proper defendant for the plaintiff's claims is Douglas Collins. The court will dismiss with prejudice all other defendants.

### III. Miscellaneous

Because the court has determined that the complaint does not state a claim, the court will give the plaintiff the opportunity to file an amended

6

complaint by the deadline the court will set below. If the plaintiff decides to file an amended complaint, there are things he should keep in mind.

First, an amended complaint takes the place of, or "supersedes," the original complaint. <u>Flannery v. Recording Indus. Ass'n of Am.</u>, 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the amended complaint all the facts supporting his claims; he cannot simply tell the court to go back and look at what he alleged in his original complaint or in other documents. With this order, the court is sending a blank amended complaint form. The plaintiff must use this form in preparing his amended complaint. He must put the case number for this case—Case No. 25-cv-1916—in the space provided for a case number. He must write "Douglas Collins" in the space provided for identifying the defendant. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of his claims; if that is not enough space, he may use up to three additional, double-spaced pages. Again, the amended complaint must be complete in itself. It may not refer the court back to allegations in the original complaint.

If the plaintiff elects to file an amended complaint, he must file it in time for the court to *receive* it by the deadline the court sets below. If the court does not receive an amended complaint by that deadline, the court will dismiss the case with prejudice and without further notice or hearing.

## IV. Motion to Appoint Counsel

The plaintiff filed a "petition for appointment of an attorney" using a form from the State of Wisconsin Circuit Court. Dkt. No. 4. This federal court does

7

not use that form. "[T]here is no right to court-appointed counsel in federal civil litigation, but an indigent civil litigant may ask the district court to request an attorney to represent the litigant *pro bono.*" McCaa v. Hamilton, 893 F.3d 1027, 1030 (7th Cir. 2018). The plaintiff must first make a "good faith effort" to hire counsel on his own and attach evidence showing that he satisfied this requirement. Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyers; and (4) the lawyers' responses. Only after the plaintiff shows that he made a good faith effort to hire counsel does the court analyze "the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019).

The plaintiff has not satisfied either requirement. The form the plaintiff filed contains information only about the plaintiff's financial status. The plaintiff did not provide evidence that he has made a good faith effort to hire counsel on his own. Nor does the plaintiff provide information that would allow the court to determine his competence to litigate his claims without counsel. The plaintiff is bringing employment discrimination claims, which often are litigated by self-represented plaintiffs. The plaintiff also appears to have represented himself through the administrative agency proceedings, suggesting that he can understand basic procedure and present his claims and arguments

without assistance of counsel. The court will deny without prejudice the plaintiff's motion to appoint counsel. If this case proceeds and the plaintiff believes that he is no longer capable of litigating the case on his own, he may renew his motion. Any renewed motion must provide evidence showing that the plaintiff made a good faith effort to obtain counsel on his own.

## V. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that defendants Gregory Schulz, Sharon Zeman, Benjamin Thelen, Neelam Erby and Balinda Kostuch are **DISMISSED WITH PREJUDICE**.

The court **DETERMINES** that the plaintiff's complaint does not state a claim.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint that complies with this order in time for the court to *receive* it by the end of the day on **March 27, 2026**. If the court does not receive an amended complaint, or a motion asking for additional time to file one, by the end of the day on March 27, 2026, the court will dismiss this case with prejudice for the plaintiff's failure to state a claim upon which relief can be granted in his original complaint.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to

9

appoint counsel. Dkt. No. 4.

Dated in Milwaukee, Wisconsin this 20th day of February, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

10

Case 2:25-cv-01916-PP   Filed 02/20/26   Page 10 of 10   Document 5