ELLIOTT D. POWELL,

          Plaintiff,

                                      Case No. 25-cv-1916-pp

    v.

DOUGLAS A. COLLINS,

          Defendant.

## ORDER SCREENING AMENDED COMPLAINT

On December 5, 2025, the plaintiff—who is representing himself—filed a complaint alleging that his employer had discriminated against him in violation of Title VII of the Civil Rights Act of 1964. Dkt. No. 1. The court screened the complaint and determined that it failed to state a claim for relief because it did not contain enough facts describing the alleged discrimination. Dkt. No. 5. The court granted the plaintiff permission to file an amended complaint to try and state a claim. Id. at 9. On March 26, 2026, the court received from the plaintiff an amended complaint; this order screens that complaint. Dkt. No. 6.

## I.    Screening the Amended Complaint

### A.    <u>Legal Standard</u>

The court must "screen" the amended complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A

1

document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

B.      The Amended Complaint

The plaintiff, who is African American, alleges that he was discriminated against while he was employed with the Department of Veterans Affairs. Dkt. No. 6 at 2. The plaintiff alleges that his immediate supervisor, Gregory Schulz, discriminated against him by "subjecting plaintiff to more work for numerous months and only redistributed that work after a complaint was made." Id. The plaintiff alleges that after he raised a complaint to Schulz, Schulz first denied

2

that the plaintiff was assigned more work than his co-workers, only to redistribute the plaintiff's workload five days later. Id. at 4.

The plaintiff alleges that another employee, Sharon Leman, discriminated against him by "stating she felt threatened being in the office with [the plaintiff] even though [their] interactions were extremely limited" and even though the plaintiff had received positive performance reviews during the relevant time. Id. at 2–3. The plaintiff alleges that Schulz credited Leman's complaints and told her that she would not have to be alone in the office with the plaintiff. Id. at 3. According to the plaintiff, Leman was more friendly with white co-workers and Schulz did not discipline Leman for this behavior. Id. at 3–4.

The plaintiff alleges that Schulz discriminated against him by initiating a payroll audit because of the plaintiff's long periods of inactivity in the timekeeping system. Id. at 4–5. The plaintiff asserts that he was not allowed to defend himself or explain the reason behind the periods of inactivity and that he was working overtime on the weekends due to his excessive workload. Id. at 5. The plaintiff believes that the management team discriminated against him based on his race. Id. at 7.

C.      Analysis

Title VII of the Civil Rights Act of 1964 prohibits—among other things— employment discrimination based on race. 42 U.S.C. §2000e-2(a). Under Title VII, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.

3

§2000e–2(a)(1). A plaintiff can prove race discrimination either directly or indirectly. McKinney v. Office of Sheriff of Whitley Cnty., 866 F.3d 803, 807 (7th Cir. 2017). The direct method requires a plaintiff to show "that the employer's discriminatory animus motivated an adverse employment action." Coleman v. Donahoe, 667 F.3d 835, 845 (7th Cir. 2012). The indirect method permits "a plaintiff to prove discrimination by using the burden-shifting approach articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." McKinney, 866 F.3d at 807. "The *McDonnell Douglas* framework is just 'a formal way of analyzing a discrimination case when a certain kind of circumstantial evidence—evidence that similarly situated employees not in the plaintiff's protected class were treated better—would permit a jury to infer discriminatory intent.'" Ferrill v. Oak Creek-Franklin Joint Sch. Dist., 860 F.3d 494, 499–500 (7th Cir. 2017) (quoting Smith v. Chi. Transit Auth., 806 F.3d 900, 905 (7th Cir. 2015)).

In the amended complaint, the plaintiff alleges that he was treated less favorably than employees of other races. He alleges that he was assigned more work than other employees and that he was subjected to an audit of his timekeeping while other employees were not. At the pleading stage, that is sufficient to state a claim that the defendant discriminated against the plaintiff.

The court will allow the plaintiff to proceed with a race discrimination claim under Title VII. The court will order the U.S. Marshals Service to serve the defendant, who then must answer or otherwise respond to the complaint.

4

Once the defendant has appeared and responded, the court will issue instructions for next steps.

## II. Conclusion

The court **ORDERS** that the plaintiff may proceed against the defendant on a race discrimination claim.

The court **ORDERS** the United States Marshals Service to serve a copy of the amended complaint and this order on the defendant under Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The Marshals Service will give the plaintiff information on how to remit payment. Although Congress requires the court to order service by the U.S. Marshals Service precisely because indigent plaintiffs do not have the funds to pay filing fees, it has not made any provision for these service fees to be waived by either the court or the U.S. Marshals Service. The court is not involved in collection of the fee.

The court **ORDERS** the defendant to file a responsive pleading to the amended complaint within the time permitted by the Federal Rules of Civil Procedure.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The plaintiff must notify the Clerk of Court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 24th day of June, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6